**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GILBERTO LOPEZ-ROMO, a.k.a.<br>Romero Gilberto Lopez,<br><br>Defendant-Appellant, | Nos. 16-50219<br>16-50220<br><br>D.C. Nos. 3:13-cr-03504-L<br>3:16-cr-00140-L<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

   In these consolidated appeals, Gilberto Lopez-Romo challenges the 18-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326, and the 12-month

_____

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Romo contends that the district court procedurally erred by failing to adequately address his mitigating arguments in favor of lower sentences for his illegal reentry conviction and violation of supervised release. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record demonstrates that the district court listened to Lopez-Romo's arguments, identified what the court believed to be the only legitimate mitigating factor, and weighed that factor against aggravating factors before imposing the within-Guidelines sentences in both cases. The district court's explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Lopez-Romo next argues that the district court impermissibly based the revocation sentence on the need to punish his underlying criminal conduct. The record does not support Lopez-Romo's argument, and instead, demonstrates that the district court permissibly based the sentence on Lopez-Romo's breach of the court's trust, his history and characteristics, and the need for deterrence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

**AFFIRMED.**